# ROBERT ECKARD & ASSOCIATES, P.A.
ATTORNEYS AT LAW

Reply To: **Robert D. Eckard, B.C.S.**
*Florida Bar Board Certified, Business Litigation*
LL.M. International and Business Law
*Also licensed in Texas and Washington D.C.
3110 Palm Harbor Blvd.
Palm Harbor, FL 34683
Telephone: (727) 772-1941
Facsimile: (727) 771-1940
Robert@RobertEckardLaw.com

July 12, 2023

**By ECF**
Hon. Loretta A. Preska
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York

*The requests are denied.*

SO ORDERED

*Loretta A. Preska*  7/12/23
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

RE: *United States v. Short*, S3 19 Cr. 704 (LAP)
Defendant, Steven Short's <u>Second</u> Emergency Motion to Stay Surrender ("Motion")
Our Matter No.: 7480-2109

Dear Judge Preska:

As you will recall, I represent Mr. Steve Short in the above-styled matter. Mr. Short was sentenced by Your Honor on **May 2, 2023**, to 78 months Bureau of Prisons. On that date, Your Honor granted Mr. Short's request for designation for Bureau of Prison placement to one of the following three Florida federal facilities: (1) FPC Pensacola; (2) FCI Coleman Low; or (3) FCI Miami,[1] (attached as **Exhibit 100**).

On **June 13, 2023**, this Court granted undersigned counsel's first Emergency Motion to Stay the Date of Self-Surrender of June 16, 2023, for thirty (30) days, pending further reconsideration by the Bureau of Prisons Designation and Sentence Computation Center (the "DSCC") to amend Mr. Short's designation. In the Court's Order[2], this Court re-iterated its recommendation that **"Mr. Short be designated to FCI Pensacola, FCI Coleman Low, or FCI Miami so that his family can visit with him."**

---

[1] Dkt. 172 (Attached Exhibit 100).

[2] Id.

Case 1:19-cr-00704-LAP Document 176 Filed 07/12/23 Page 2 of 5

Letter to the Hon. Loretta A. Preska
Case Style: USA v Short
Case #S3 19 CR-704 (LAP)
Matter No.: 7480-2109
Page 2 of 5

 This instant Motion requests an Order staying of Mr. Short's self-surrender date of **July 16, 2023** for an additional 30-45 days for the Bureau of Prisons ("BOP") Designation and Notification Center (the "DSCC") in Grand Prairie, Texas to: (1) amend Mr. Short's placement designation to one of the three Florida federal facilities listed above; or (2) if DSCC again, fails to re-designate Mr. Short to one of the three Florida facilities identified above, as previously Ordered by this Honorable Court[3], for this Honorable Court to Order DSCC to notify this Court "in writing with the explanation outlining the reasons for not satisfying the Court's judicial recommendation" (as required in the United States Justice, Federal Bureau of Prisons, Inmate Security Designation and Custody Classification, Program Statement[4]).

In the Court's **June 13, 2023**, Order, the Court stated:

"That the defendant be designated to the Pensacola Facility *so that his family may visit more easily*." (Dkt.168).

 After this Court's entry of the **June 13, 2023**, Order (Dkt. 172), by way of e-mail on June 23, 2023, DSCC again refused to adhere to the recommendation of redesignation due to the "balancing of crowding rates." (See attached **Exhibit 101**). On **June 23, 2023**, at 4:30 P.M., the undersigned counsel followed up with DSCC by e-mail requesting information regarding any estimation of when FCI Coleman or FCI Miami would have space available. (Attached **Exhibit 102**). On June 27, 2023, at 9:20 A.M., DSCC responded back to the undersigned stating it did not have that information available. (Attached **Exhibit 103**),

 As a result of the above, Mr. Short hired Zoukis Consulting Group ("**Zoukis**") to assist in a resolution with his DSCC designation. On **June 28, 2023**, Zoukis contacted the DSCC Administrator and South Central Regional Counsel seeking a resolution. (Attached **Exhibit 104**). DSCC responded to the Zoukis letter by reaffirming the Bureau's commitment to

---

[3] Id.
[4] No. 5100.08 at ch. 1, p.2 (2019)

Case 1:19-cr-00704-LAP  Document 176  Filed 07/12/23  Page 3 of 5

Letter to the Hon. Loretta A. Preska
Case Style: USA v Short
Case #S3 19 CR-704 (LAP)
Matter No.: 7480-2109
Page 3 of 5

making every effort to follow judicial recommendation but concluded that Mr. Short's designation to FCI Oakdale I was based on his security and programming needs, as well as the Bureau's population management needs. It did not include any written explanation as to why it could not comply with this Court's recommendations. On **July 9, 2023**, Zoukis again followed up with DSCC seeking reconsideration. In this letter, Zoukis addressed DSCC's rationale outlining why it should reconsider Mr. Short's designation to one of the recommended facilities. (Attached **Exhibit 105**). Zoukis Consulting, upon their research and analysis pertaining to population management (as DSCC's grounds for not redesignating Mr. Short as advised by this Honorable Court), determined that FCI Coleman and FCI Miami **do have** available non-SHU bed[5] capacity, to wit:

> Current Bureau data points indicate that 1,632 inmates are designated to FCI Coleman Low, and 809 are designated to FCI Miami.[10] Records reflect that FCI Miami has a design capacity of 778,[11] while FCI Coleman Low has a design capacity of 1,536 inmates.[12]
>
> While we have no reason to dispute these facility design capacity totals, a recent Bureau report provides additional insights into the Bureau's target population for male inmates at low-security facilities.[13] According to this internal Bureau report, FCI Coleman Low has a total non-SHU bed capacity of 2,256, with a target COVID-19 general population of 1,692 inmates.[14] Likewise, FCI Miami has a total non-SHU bed capacity of 918, with a target COVID-10 general population of 688 inmates.[15]
>
> As these records reflect, the Bureau has ample general population inmate bed space to house Mr. Short at either FCI Coleman Low or FCI Miami. Considering Mr. Short's Florida release residence, these designations will result in him being housed within 500 driving miles of his release residence[16] and comport with the sentencing judge's judicial recommendation.[17]

6

As such, Mr. Short, by and through the undersigned counsel, requests that this Court grant this Second Motion to Stay the Date of Self-Surrender, for thirty to forty-five days, pending further review for the Bureau of Prisons Designation and Sentence Computation Center to: (1)

---

[5] SHU is short for "Special Housing Unit" which is isolation facility of a maximum-security prison. BOP, Inmate and Custody Management Policy, 5270.11.

[6] July 9, 2023, Letter from Zoukis Consulting to David Cruz, Grand Prairie Office Complex, Bureau of Prisons. Attached **Exhibit 104**.

Case 1:19-cr-00704-LAP Document 176 Filed 07/12/23 Page 4 of 5
Case 1:19-cr-00704-LAP Document 175 Filed 07/12/23 Page 4 of 5

Letter to the Hon. Loretta A. Preska
Case Style: USA v Short
Case #S3 19 CR-704 (LAP)
Matter No.: 7480-2109
Page 4 of 5

amend Mr. Short's placement designation to one of the three Florida federal facilities listed above; or (2) if DSCC again, fails to re-designate Mr. Short to one of the three Florida facilities identified above, as previously Ordered by this Honorable Court[7], for this Honorable Court to Order DSCC to notify this Court "in writing with the explanation outlining the reasons for not satisfying the Court's judicial recommendation" (as required in the United States Justice, Federal Bureau of Prisons, Inmate Security Designation and Custody Classification, Program Statement[8]).

In this instance, however, it appears that DSCC is refusing to comply with this Court's recommendations of redesignation to FCI Pensacola, FCI Coleman Low, or FCI Miami Low and has failed to explain—by written notice to this Court—their reasoning and efforts undertaken to satisfy the Court's recommendations.

**Good Faith Meet and Confer**: On July 12, 2023, at 8:55 A.M., the undersigned spoke with Assistant United States Attorney ("**AUSA**"), David Lewis. Again, Mr. Lewis for the Government did not object to Mr. Short's placement at FCI Coleman Low or FCI Miami but did object to staying the date of self-surrender.

Therefore, given this Court's recommendations of Mr. Short's designation to FCI Pensacola, FCI Coleman Low, or FCI Miami Low in the interest of keeping him near his family, as well as Zoukis' reconsideration letters, and DSCC's lack of written explanation to this Court outlining their refusal to comply with this Court's recommendation, the Defendant hereby requests this Court grant his second request to stay the date of self-surrender for thirty to forty-five days, to: (1) amend Mr. Short's placement designation to one of the three Florida federal facilities listed above; or (2) if DSCC again, fails to re-designate Mr. Short to one of the three Florida

---

[7] Id.

[8] No. 5100.08 at ch. 1, p.2 (2019)

facilities identified above, as previously Ordered by this Honorable Court[9], for this Honorable Court to Order DSCC to notify this Court "in writing with the explanation outlining the reasons for not satisfying the Court's judicial recommendation" (as required in the United States Justice, Federal Bureau of Prisons, Inmate Security Designation and Custody Classification, Program Statement[10].

Thank you in advance Your Honor.

FOR THE FIRM,

Robert D. Eckard
*Counsel for Defendant, Steven Short*

Encl. Attached Exhibits

---

[9] Id.

[10] Id.